1  IRENE KARBELASHVILI, Esq. (SBN 232223)
   IRAKLI KARBELASHVILI, Esq. (SBN 302971)
2  ALLACCESS LAW GROUP
   1400 Coleman Ave Ste F28
3  Santa Clara, CA 95050
   Telephone: (408) 295-0137
4  Fax: (408) 295-0142
   irene@allaccesslawgroup.com
5  irakli@allaccesslawgroup.com

6  Attorneys for Plaintiff ERIC ROJAS

              UNITED STATES DISTRICT COURT

              NORTHERN DISTRICT OF CALIFORNIA

| ERIC ROJAS, | CASE NO. |
|---|---|
| Plaintiff, | Civil Rights |
| v. | **COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS PER FEDERAL AND CALIFORNIA STATUTES (including CIVIL CODE §§ 51, 52, 54, 54.1, 54.3 and 55; and HEALTH & SAFETY CODE §§ 19953 *et seq.*)**; **INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990 (including 42 USC §§ 12181 *et seq.*)** |
| BEACH LIQUORS INCORPORATED, a California corporation, dba BEACH LIQUORS; and PAP, LLC, a California limited liability company, | |
| Defendants. | |
| | DEMAND FOR JURY TRIAL |

Plaintiff ERIC ROJAS complains of Defendants BEACH LIQUORS INCORPORATED, a California corporation, dba BEACH LIQUORS; and PAP, LLC, a California limited liability company, and each of them, and alleges as follows:

1. **INTRODUCTION:** Beach Liquors is a popular liquor store located next to the Santa Cruz Beach Boardwalk and the Wharf. Despite serving the public, Beach Liquors is inaccessible to wheelchair users, including Plaintiff. Plaintiff seeks injunctive relief to require Defendants to make Beach Liquors, located at 111 Beach St, Santa Cruz, CA 95060, accessible to disabled persons and to ensure that any disabled person who attempts to patronize the subject premises will be provided accessible facilities. Plaintiff also seeks recovery of damages for his

1
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1  discriminatory experiences and denial of access and of civil rights, which denial is continuing

2  because of Defendants' failure to provide disabled accessible facilities. Plaintiff also seek

3  recovery of reasonable statutory attorney fees, litigation expenses and costs, under federal and

4  state law.

5      2.    **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 USC

6  section 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC sections

7  12101 *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of action arising from

8  the same facts are also brought under California law, including but not limited to violations of

9  Health & Safety Code sections 19953-19959; California Civil Code sections 51, 52, 54, 54.1,

10  54.3 and 55; and Title 24 California Code of Regulations, the California State Building Code.

11      3.    **VENUE:** Venue is proper in this court pursuant to 28 USC section 1391(b) and is

12  founded on the fact that the real property which is the subject of this action is located in this

13  district and that Plaintiff's causes of action arose in this district.

14      4.    **INTRADISTRICT ASSIGNMENT:** This case should be assigned to the San

15  Jose intradistrict as the real property which is the subject of this action is located in this

16  intradistrict and Plaintiff's causes of action arose in this intradistrict.

17      5.    **PARTIES:** Plaintiff ERIC ROJAS is a person with physical disabilities, as

18  defined by all applicable California and United States laws. Plaintiff sustained multiple thoracic

19  spinal fractures because of a motor vehicle collision in which he was a passenger in 2006.

20  Consequently, Plaintiff suffers partial paralysis of his muscles of the trunk, and complete

21  paralysis of his bilateral lower extremities. Plaintiff is unable to ambulate without assistance and

22  is dependent on a wheelchair for locomotion for the rest of his life. Plaintiff possesses a disabled

23  parking placard issued by the State of California and is a resident of San Jose, California. He is

24  unable to use portions of public facilities which are not accessible to wheelchair users.

25      6.    Defendants BEACH LIQUORS INCORPORATED, a California corporation, dba

26  BEACH LIQUORS; and PAP, LLC, a California limited liability company, are and were the

27  owners, operators, lessors and/or lessees of the subject business, property, and buildings at all

28  times relevant to this Complaint. Plaintiff is informed and believes that each of the Defendants

1  herein is the agent, employee, or representative of each of the other Defendants, and performed
2  all acts and omissions stated herein within the scope of such agency or employment or
3  representative capacity and is responsible in some manner for the acts and omissions of the other
4  Defendants in proximately causing the damages complained of herein.
5       7.    Beach Liquors is a place of "public accommodation" and "business
6  establishment" subject to the requirements of 42 USC section 12181(7) of the Americans with
7  Disabilities Act of 1990; of California Health & Safety Code sections 19953 *et seq.*; of California
8  Civil Code sections 51 *et seq.*; and of California Civil Code sections 54 *et seq*.

**FIRST CAUSE OF ACTION:
DAMAGES AND INJUNCTIVE RELIEF
FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES
(California Health & Safety Code §§ 19955 *et seq.*, Civil Code §§ 54 *et seq.*)**

12       8.    Plaintiff repleads and incorporate by reference, as if fully set forth again herein,
13  the factual allegations contained in Paragraphs 1 through 7, above, and incorporates them herein
14  by reference as if separately repled hereafter.
15       9.    Plaintiff Eric Rojas and other similarly situated physically disabled persons,
16  including those who require the use of a wheelchair, are unable to use public facilities on a "full
17  and equal" and meaningful basis unless each such facility is in compliance with the provisions of
18  California Health & Safety Code sections 19955 -19959.  Plaintiff is a member of that portion of
19  the public whose rights are protected by the provisions of Health & Safety Code sections 19955 *et*
20  *seq.* Further, Plaintiff is also protected against policy and architectural barrier discrimination by
21  California Civil Code sections 54 and 54.1, the "Disabled Persons Act." "Individuals with
22  disabilities or medical conditions have the same right as the general public to the full and free use
23  of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including
24  hospitals, clinics, and physicians' offices, public facilities, and other public places." Civil Code
25  § 54(a). Furthermore, "Individuals with disabilities shall be entitled to full and equal access, as
26  other members of the general public, to accommodations, advantages, facilities, . . . places of
27  public accommodation . . . and other places to which the general public is invited." Civil Code §
28  54.1(a).  Additionally, any violation of the ADA, including but not limited to any violation of 42

USC sections 12182 and 12183, is also incorporated as a violation of the Disabled Persons Act. Civil Code §§ 54(c), and 54.1(d).

10. Title 24, California Code of Regulations, formerly known as the California Administrative Code and now also known as the California Building Code, was in effect at the time of each alteration which, on information and belief, occurred at such public facility since January 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" was carried out. On information and belief, Defendants and/or their predecessors in interest carried out new construction and/or alterations, structural repairs, and/or additions to such buildings and facilities during the period Title 24 has been in effect. Further, Plaintiff alleges, on information and belief, that construction, alterations, structural repairs, and/or additions which triggered access requirements at all relevant portions of Beach Liquors also occurred between July 1, 1970, and December 31, 1981, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to the incorporated provisions of California Government Code sections 4450 *et seq*. Further, on information and belief, additions to the building after the initial construction also occurred after January 1, 1972, triggering access requirements per Health and Safety Code section 19959, and as to alterations or additions after January 26, 1993, triggering ADA liability and requirements per 42 USC sections 12182 and 12183 of the ADA.

11. **FACTUAL STATEMENT**: Eric Rojas loves to go to the Santa Cruz Boardwalk and take part in-fishing and crabbing at the Wharf. On August 3, 2021, Plaintiff went inside of Beach Liquors to purchase a drink. This turned out to be extremely difficult because the facility is not accessible to wheelchair users. Namely, Eric Rojas had difficulties entering inside of Beach Liquors because the entrance did not provide adequate clearance on the latch side of the door. Once inside, there was inadequate passing space for Plaintiff's wheelchair. Although Plaintiff was able to make a purchase it happened only after considerable difficulty and humiliation.

12. During all other trips to Santa Cruz following the August 3, 2021 incident, Plaintiff would have shopped at Beach Liquors again but was deterred by not only the inexcusable condition of the subject premises but also by overwhelming memories of humiliation

experienced during his August 3, 2021 visit. Plaintiff would like to patronize Beach Liquors especially since the drinks at Beach Liquors are cheaper than at the Boardwalk, however he is not able to return to Beach Liquors as long the premises remain inaccessible to wheelchair users. Once access is provided to the subject store, Plaintiff would return to patronize the subject store.

13. Before filing this lawsuit, Plaintiff's legal representative also had a CASp-certified access consultant do an informal investigation of the subject store. While he could not make detailed measurements, he confirmed that the obstructions to access experienced by Plaintiff constitute barriers as defined under the ADA and California law. Plaintiff's expert also identified the following additional barriers to Plaintiff's full and equal access: (1) ADA parking access aisle connecting to sidewalk is blocked by a chain; (2) No "No Parking" stamped in access aisle; (3) Excessive slope in access aisle connecting to sidewalk; (4) Front door has excessive slopes in front of pull side; and (5) Front door does not have 10″ kick plate.

14. The above referenced barriers to access are listed without prejudice to Plaintiff citing additional barriers to access by an amended complaint after inspection by Plaintiff's access consultant. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011); *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir. 2011). All of these barriers to access render the premises inaccessible to physically disabled persons who are mobility impaired, such as Plaintiff, and are barriers that Plaintiff may encounter when he returns to the premises. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

15. Further, each and every violation of the Americans with Disabilities Act of 1990 also constitutes a separate and distinct violation of California Civil Code section 54(c) and 54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code sections 54.3 and 55.

16. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled, including but not limited to wheelchair users, from full and equal access to

these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second-class citizen and serve to discriminate against him on the sole basis that he is a person with disabilities who requires the use of a wheelchair for movement in public places.

17. Plaintiff is deterred from returning to use these facilities because the lack of access will foreseeably cause him further difficulty, discomfort and embarrassment, and Plaintiff is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to and use of these public facilities. Therefore, Plaintiff cannot return to patronize Beach Liquors and is deterred from patronage until these facilities are made properly accessible for disabled persons. Plaintiff will return to the subject premises if they are made accessible.

18. The acts of Defendants have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court. Plaintiff seeks injunctive relief as to all inaccessible areas of the premises that Plaintiff has personally encountered, and, as to all areas identified during this litigation by Plaintiff's access consultant, that Plaintiff or other similarly disabled persons may encounter in the future. *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA)*, *Inc.*, 631 F. 3d 939 (9th Cir. 2011); *Oliver v. Ralphs Grocery* Co., 654 F.3d 903 (9th Cir. 2011). As to those of the Defendants that currently own, operate, and/or lease (from or to) the subject premises, Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices and barriers that deny full and equal access for disabled persons, and for reasonable statutory attorney fees, litigation expenses and costs.

19. Wherefore, Plaintiff ask this Court to preliminarily and permanently enjoin any continuing refusal by Defendants to grant full and equal access to Plaintiff in the ways complained of and to require Defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by California Health & Safety Code section 19953, California Civil Code section 55, and other law. Plaintiff further request that the Court award damages pursuant to Civil Code section 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Health & Safety Code

1  section 19953, Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other
2  law, all as hereinafter prayed for.

3      20.  **DAMAGES:** As a result of the denial of full and equal access to the described
4  facilities and due to the acts and omissions of Defendants and each of them in owning, operating,
5  leasing, constructing, altering, and maintaining the subject facilities, Plaintiff has suffered a
6  violation of his civil rights, including but not limited to rights under Civil Code sections 54 and
7  54.1, and each has suffered difficulty, discomfort and embarrassment, and physical, mental and
8  emotional personal injuries, all to their damages per Civil Code section 54.3, including general
9  and statutory damages, and treble damages, as hereinafter stated. Defendants' actions and
10 omissions to act constitute discrimination against Plaintiff on the basis that he was and is
11 physically disabled and unable, because of the architectural, policy and other barriers created
12 and/or maintained by the Defendants in violation of the subject laws, to use the public facilities
13 on a full and equal basis as other persons. The violations have deterred Plaintiff from returning to
14 attempt to patronize the subject premises and will continue to cause him damages so long as these
15 barriers to access continue to be present, according to proof.

16     21.  **TREBLE DAMAGES:** Plaintiff has been damaged by Defendants' wrongful
17 conduct and seeks the relief that is afforded by Civil Code sections 54, 54.1, and 54.3. On
18 information and belief, at all times herein mentioned, Defendants were fully aware that significant
19 numbers of potential users of their public facilities were and are and will be physically disabled
20 persons, including wheelchair users and other mobility-impaired persons, and would have need of
21 facilities that complied with California Title 24 and ADA Standards for accessible facilities.
22 Despite this knowledge, Defendants installed and maintained the physical barriers complained of,
23 and failed to remove these barriers, and have failed to provide properly accessible facilities or
24 cease discriminatory policies, including but not limited to those previously noted hereinabove, as
25 required by state and federal law. On information and belief, Defendants have ignored complaints
26 about the lack of proper disabled access from other disabled persons. Defendants have
27 intentionally continued their illegal and discriminatory practices despite actual knowledge that
28 persons with physical mobility disabilities may attempt to patronize the subject premises and

encounter illegal barriers which deny them full and equal access when they do so.

22. At all times herein mentioned, Defendants knew, or in the exercise of reasonable diligence should have known, that their barriers and practices at the subject facilities violated disabled access requirements and standards, and would have a discriminatory effect upon Plaintiff and upon other physically disabled persons, but Defendants have failed to rectify the violations, and presently continue a course of conduct of maintaining architectural and policy barriers that discriminate against Plaintiff and similarly situated disabled persons. For the foregoing reasons, Plaintiff alleges that an award of statutory treble damages is appropriate.

23. **FEES AND COSTS:** As a result of Defendants' acts, omissions, and conduct, Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seek recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions of Civil Code sections 54.3 and 55, and California Health & Safety Code section 19953. Additionally, Plaintiff's lawsuit is intended to require that Defendants make their facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

**SECOND CAUSE OF ACTION:
VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED BY CIVIL CODE SECTION 51(f)**

24. Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 23 of this Complaint and incorporates them herein as if separately re-pleaded.

25. At all times relevant to this complaint, California Civil Code section 51 has provided that physically disabled persons are free and equal citizens of the state, regardless of

medical condition or disability:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, *disability, or medical condition* are entitled to the full and equal accommodations, advantages, facilities, privileges, or services *in all business establishments of every kind whatsoever*.

Civil Code § 51(b). [Emphasis added.]

26. California Civil Code section 52 provides that the discrimination by Defendants against Plaintiff on the basis of his disability constitutes a violation of the general anti-discrimination provisions of sections 51 and 52.

27. Each of Defendants' discriminatory acts or omissions constitutes a separate and distinct violation of California Civil Code section 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

28. Any violation of the Americans with Disabilities Act of 1990 (as pled in the third cause of action) constitutes a violation of California Civil Code section 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including Civil Code section 52. Per Civil Code section 51(f), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

29. The actions and omissions of Defendants as herein alleged constitute a denial of access to and use of the described public facilities by physically disabled persons within the meaning of California Civil Code sections 51 and 52. As a proximate result of Defendants' action and omissions, Defendants have discriminated against Plaintiff in violation of Civil Code sections 51 and 52, and are responsible for statutory, compensatory and treble damages to Plaintiff, according to proof.

30. **FEES AND COSTS:** As a result of Defendants' acts, omissions and conduct, Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by

statute in order to enforce Plaintiff's rights and to enforce provisions of law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code sections 51 and 52. Additionally, Plaintiff's lawsuit is intended to require that Defendants make their facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

**THIRD CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**42 USC §§ 12101** *et seq*

31. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 30 of this Complaint and incorporates them herein as if separately re-pleaded.

32. In 1990 the United States Congress made findings that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..." 42 U.S.C. §12101.

33. Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

34. In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

> It is the purpose of this Act
>
> (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;
>
> (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and
>
> (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

35. As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*). The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title. 42 USC § 12181(7).

36. The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182. The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated

differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq.*

37. The removal of each of the physical barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA. As noted hereinabove, removal of each and every one of the architectural and/or policy barriers complained of herein were already required under California law. Further, on information and belief, alterations, structural repairs or additions since January 26, 1993, have also independently triggered requirements for removal of barriers to access for disabled persons per section 12183 of the ADA. In the event that removal of any barrier is found to be "not readily achievable," Defendants still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."

38. The ability to easily inside of the subject premises is a fundamental necessity. Without this ability, Plaintiff is unable to avail himself of the goods and services offered at the subject premises on a full and equal basis. Therefore, the benefits of creating an accessible entrance and an accessible interior does not exceed the costs of readily achievable barrier removal. These costs are fundamental to doing business, like any other essential function of operating a public accommodation. Furthermore, these are the types of barriers identified by the Department of Justice as presumably readily achievable to remove, and, in fact, these barriers are readily achievable to remove.

39. On information and belief, as of the dates of Plaintiff's encounters at the premises

1   and as of the filing of this Complaint, Defendants' actions, policies, and physical premises have
2   denied and continue to deny full and equal access to Plaintiff and to other mobility disabled
3   persons in other respects, which violate Plaintiff's right to full and equal access and which
4   discriminate against Plaintiff on the basis of his disabilities, thus wrongfully denying to Plaintiff
5   the full and equal enjoyment of the goods, services, facilities, privileges, advantages and
6   accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

7   40.  Defendants' actions continue to deny Plaintiff rights to full and equal access by
8   deterring Plaintiff from patronizing the subject premises and discriminated and continue to
9   discriminate against him on the basis of his disability, thus wrongfully denying to Plaintiff the full
10  and equal enjoyment of Defendants' goods, services, facilities, privileges, advantages and
11  accommodations, in violation of section 12182 of the ADA.  42 U.S.C. § 12182.

12  41.  Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.*,
13  Plaintiff Eric Rojas is entitled to the remedies and procedures set forth in section 204(a) of the
14  Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination
15  on the basis of his disability in violation of sections 12182 and 12183 of this title. On information
16  and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and other
17  disabled persons to "full and equal" access to this public accommodation since on or before
18  Plaintiff's encounters.  Pursuant to section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title.  Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title.

23  42.  Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil
24  Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to
25  implement the Americans with Disabilities Act of 1990.  Plaintiff Eric Rojas is a qualified
26  disabled person for purposes of section 12188(a) of the ADA who is being subjected to
27  discrimination on the basis of disability in violation of Title III and who has reasonable grounds
28  for believing he will be subjected to such discrimination each time that he may use or attempt to

use the property and premises, or attempt to patronize the subject premises, in light of Defendants' policies and physical premises barriers.

WHEREFORE, Plaintiff request relief as outlined below.

## **PRAYER**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless Plaintiff is granted the relief he requests.  Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff ERIC ROJAS prays for judgment and the following specific relief against Defendants:

1. Issue a preliminary and permanent injunction directing Defendants as current owners, operators, lessors, and/or lessees of the subject property and premises to modify the above described property, premises, policies and related facilities to provide full and equal access to all persons, including persons with physical disabilities; and issue a preliminary and permanent injunction pursuant to ADA section 12188(a) and state law directing Defendants to provide facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, and to *maintain* such accessible facilities once they are provided; to cease any discriminatory policies, and to train Defendants' employees and agents in how to recognize disabled persons and accommodate their rights and needs;

2. Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of physically inaccessible public facilities and policies as complained of herein no longer occur, and cannot recur;

3. Award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages, and treble damages in amounts within the jurisdiction of the Court, all

1 | according to proof;

2 |     4.    Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and
3 | costs of this proceeding as provided by law;

4 |     5.    Award prejudgment interest pursuant to Civil Code section 3291; and

5 |     6.    Grant such other and further relief as this Court may deem just and proper.

Date: February 4, 2022                                        ALLACCESS LAW GROUP

                                                                 */s/ Irakli Karbelashvili*
                                                                  By IRAKLI KARBELASHVILI, Esq.
                                                                  Attorney for Plaintiff
                                                                  ERIC ROJAS

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

Date: February 4, 2022                                        ALLACCESS LAW GROUP

                                                                  */s/ Irakli Karbelashvili*
                                                                 By IRAKLI KARBELASHVILI, Esq.
                                                                  Attorney for Plaintiff
                                                                   ERIC ROJAS